This case is number 16, 2093, Suntec Industries Co., Ltd. v. United States, Mr. Lennart. Thank you, Your Honor. May it please the Court. My name is Mark Lennart. I represent Suntec Industries, which is a relatively small exporter of steel nails from China. This Court should reverse the Court of International Trade's dismissal because Federal Register publication of a Notice of Initiation of an Administrative Review is not sufficient by itself to remedy the prejudice suffered by Suntec because of the lack of actual notice that's required by the regulation. In what other situation have we or any other court said that constructive notice, in the sense that the law deems someone to have received notice, nevertheless has a different legal consequence from their actually having received notice? I would have thought that legally deeming necessarily equates the two and, therefore, the consequences. Well, the statute governing Federal Register publication specifies that, this is 44 U.S.C. 1507, that Federal Register publication is sufficient unless or gives notice to all who are subject to the notice, unless it's insufficient in law. There are two cases that I could find. One cited in my briefing, and that's Camp B, BLM. It's a Ninth Circuit case. And there, it was a public lands action where the BLM was required to publish notice of the action in the Federal Register, but it's all in regulations also required that notice be sent to adjoining property owners. Right, but we have a situation, as I understand it, and tell me if I'm wrong, that as to the initiation, there is no separate provision of law, statute or regulation, that makes Federal Register notice insufficient as to the initiation. That's incorrect. Here, the statute requires two things for an administrative review, a request and publication in the Federal Register. The request isn't defined in the statute, and Commerce reasonably interpreted the request to require certificate of service of a copy of the request for review on the exporter. I thought the regulation, the relevant regulation here is more about defining how to perform the request. That's correct. What is a valid request for review? And it has a couple of elements. One of them is a certificate of service of the request on the exporter, not on its agent or its representative or anyone else, but on the exporter itself. And here, the request for review that was submitted by the petitioning U.S. industry did not include a certificate of service on Suntec. So it was facially deficient as a request. Under the statute, it was missing – the initiation of the review was missing one of the two required elements, the request. And so here, as in Camp, there was a second requirement of notice, of actual notice, that is required before Commerce may conduct the administrative review. In Pam, wasn't it true in that case that the request regulation wasn't completely complied with there? And then nevertheless, the foreign exporter wasn't able to prevail there. There was a conclusion there wasn't substantial prejudice. Yeah, but there's a significant factual difference in that case. There, the U.S. counsel for Pam entered an appearance on the record shortly after the initiation was published in the Federal Register and then requested extensions of time to make up for the delay between when it would have received the notice of request for review and the actual initiation. And Commerce granted those extensions of time. And so what this court held was basically no harm, no foul. You were delayed by a number of days, but you received extensions of time that exceeded that number of days. The court said if the failure of a party to provide notice is required by such a regulation does not prejudice the non-notified party, then we think neither the government, the non-serving party, nor the public should be penalized for such a failure. But that saying, as you just read it, did not depend on the grant of the extra time, except to the extent that the extra time was necessary. And that, I thought, is actually what the Court of International Trade here found as to your complaint, namely that you haven't shown in what way not getting the notice during the 34 days between request and initiation prejudiced you. And so if the initiation was adequate, then you've got no prejudice showing at all. The Court of International Trade didn't focus on what this court had said about the notice of initiation and when the counsel entered its appearance. What this court said was that it pointed first to the number of days in between when it would have received the request and the publication of the notice as the time when Pam was suffering prejudice. What it said was that Pam received constructive and actual notice with publication in the Federal Register. Here, all we have is the constructive notice. Right, but that seems to me to be switching the points. Let's take as a given that the initiation was that you got notice of it. You got notice of it because the law says you got notice of it, even if you didn't get notice of it. Now you've got legally unshakable notice of the initiation. Your other argument, you said, no, no, that's not enough because without proper notice of the underlying request, the initiation is legally improper. Not for lack of any prejudice to you, but because the regulatory violation as to the request absolutely, even without prejudice, nullifies the initiation. That's a different point. I don't say that there isn't some requirement of some showing of prejudice, but what I do say is that the notice of publication in the Federal Register is not complete as constructive notice because the regulation – it doesn't say that the exporter has to receive actual notice of the request for review. It only says that the party requesting the review has to certify service. It's similar to Camp where the statute said that notice had to be sent. And here, the requesting party didn't certify service on the exporter. Is that so? Because the interesting thing here, as far as I can tell, is that there was – reading the regulation, reading it is requiring actual notice – that there was notice sent to Chinese counsel who had been of record in the prior proceedings involving your client, but that it never got to the client because, according to the record, that person had left the firm or whatever, and the communication never got transmitted any further. Is that correct? Is that what the record says? That is correct, and I think that's the reason why the regulation requires service on the exporter because there is no guarantee that an attorney is going to be in the same firm or even practicing in the same area of law the next time a review is requested of that exporter. And the record does show here also that not only was that attorney not at the same firm, he was in a different country, but also that there was no ongoing representation of Suntec when the request for the third administrative review was initiated. How does it work? So Suntec was part of the investigation, right? And what are the regulations or rules about Suntec or any other exporter who's subject to the investigation saying to Commerce, this is the name of the person and the address at which you can give us notice unless we tell you otherwise? For example, in the PTO, there's something like that. You say, and my guess is it's true in the courts as well. So did that happen here in which the name of the Chinese attorney was given as the notification mechanism and never changed or what? Well, it's a little different here. You have the investigation and then you have separate administrative reviews. And in each proceeding, when a party enters its appearance on the record, someone might enter the appearance and say, this is the representative, so all notice goes to this attorney or whoever. But that doesn't carry over from segment to segment or proceeding to proceeding. The domestic company, after the investigation, when it wants to initiate a new proceeding called a review, doesn't yet have the new proceeding. How is it supposed to get the names and addresses to which it will send the notice of the request? Well, it's by public information, the same way it gets the... So it's not... It doesn't carry over from proceeding to proceeding. There's no mechanism by which the Commerce Department says, you, exporter, particular exporter, Suntech, gave us this address and name in the investigation. Other parties to the proceeding or related proceedings are entitled to rely on that unless you give Commerce updated information. There's no such provision in the regulations. And what we have here was this particular attorney represented... It's a Chinese attorney and at the Department of Commerce, you don't have to be a US licensed attorney to represent a party. So he represented Suntech in the investigation. And then in the initial stages of the first administrative review and the second administrative review, but Suntech's participation in the second administrative review ended early. So there was a number of months when Suntech wasn't represented by anybody. It was during that same time when the attorney left the firm. But it was subject. It was part of the anti-dumping duty order. It was. In fact, it was a rare verification of a separate rate applicant. It doesn't happen much. But what the regulations require is that notice be given to... or notice of the request for review be sent to the exporter. And it also has a provision about the address. It says... let me get the exact wording for you. This is 19 USC... excuse me, 19 CFR 351 and 303 F3 2nd. It says if the party that files the request is unable to locate a particular exporter or producer, then the secretary may approve the request if it is satisfied that the party made a reasonable attempt. I see my time has expired for my direct though. Yes, let's hear from the other side and you'll have rebuttal time. Mr. Tosini. Mr. Tosini, doesn't the regulation require direct notice? The regulation requires service only. The word notice appears nowhere in the regulation. We'll write service either way. Yes, it requires certification of service on the parties and we agree that... But they didn't do that. We agree that the petitioner did not serve, correctly serve, the request under the regulation. But there's three important things to remember about the regulation. First, the regulation allows for initiation even without service so long as an effort is made. It does? Yes, it does. It says as long as the petitioner makes sufficient effort in attempting to serve, under the regulation, commerce is permitted to initiate a proceeding. But that didn't happen here either, did it? There's no determination one way or another. We do not think that service was sufficient under the regulation. The service obligation is not the obligation of the United States. Isn't that right? It's the obligation of the complainant. Is it not reviewed to assure that service occurred? Well, here in this case, service was made to an address in China to the same place that service was made before. But the statute doesn't say. The regulation is quite explicit that it served on the person, not the person's representative. That, to me, is the interesting aspect of all of this. And as you look back on precedent, it considers all that. Yes, it does. And there's the second point in the regulation also is that there's no explicit consequences for a failure of service under the regulation. No, but this party clearly states consequences which seem to be undisputed. Well, the consequences, the undisputed consequences in this case would be that Suntec did not receive service of the request. And then 35 days after the request was submitted, the Department of Commerce followed its statutory obligation and published notice of the initiation. And please keep in mind that the word notice appears only once in this case. And that's in the first paragraph of the statute that governs administrative reviews. I know, but I really want to pursue this point, because whether there's a presumption that every Chinese exporter reads the Federal Register, it seems to me that that explicit regulation requiring personal service is intended to bring the elements of reality into this practice. Yes, it is. It's intended to allow respondents a head start so they can get going on providing answers to the Department of Commerce. Well, not just a head start, but knowledge that they're being, in this case, reviewed. Yes, but it does. Because it is their duty increased, what, 300 percent or so before they knew anything was going on. Well, the respondent had an obligation to respond to the publication of their own name in the Federal Register. If you look at the appendix at page 39. They're saying it's an obligation to read the Federal Register. But again, repeating myself, but there is an explicit regulation of requiring personal service, something that doesn't apply in many other areas that we see, where, in fact, you are charged with knowledge of what's in the Federal Register. Right. There's a regulation here that provides for personal service by mail. And then there's an explicit statutory mandate that says, if a request for such notice has been received and after publication of notice of such review in the Federal Register. So there's still a statutory requirement and a mandate that respondents receive notice of proceedings via publication in the Federal Register. Well, you could just eliminate that regulation. I guess another way of putting it is, let's assume for the moment you're right, that when it comes to initiation of review, all that's required is that Commerce publish that notice of initiation in the Federal Register for the statute. But then we have this regulation for the request for review, which specifically says that the complainant has to give actual notice of the request to the foreign exporter. And that didn't happen here. I guess the question is, is that regulation essentially meaningless so long as Commerce always publishes the initiation of the review a few weeks later in the Federal Register? No, not at all, because if you look at the situation in PAM, that's the correct way to deal with a failure of service under the regulation, because PAM did the right thing. What it did was it appeared before the Department of Commerce and said, we never received service. Service was improper. And the Department of Commerce made accommodations such that PAM would not be substantially prejudiced. Did they do that here? No, because Suntec did not respond to the notice of initiation. Because Suntec didn't read the Federal Register. Right. And in fact, Suntec's entire argument encourages respondents not to read the Federal Register. And then they would be put in a better position than respondents who do the right thing and read the Federal Register. So the counterpart for this case to the PAM situation would have been if they had shown in the Court of International Trade that they were prejudiced by the missing 34 or 35 days to prepare for what they would have done on day one of the initiation, but they didn't prove that. That's correct. And any other ruling would put Suntec in a better position than PAM, where PAM actually was diligent and did the right thing and responded to a Federal Register notice that identified... Whereas here, apparently, there was silence until they had gone so far down that there were adverse rulings. Well, yes, and in fact that PAM was diligent enough either to have a representative reviewing the Federal Register for it or reviewing the Federal Register itself. That's a distinction that we believe would have no meaning. I thought the other side notified the exporter. In any case, they had direct notice the day after the Federal Register notice came out, but apparently nothing like that. This exporter seems to be perfectly able to defend itself once it knows that it's being reviewed. Well, in this case, Suntec is charged with knowledge that it was being reviewed via publication in the Federal Register, and if you go to page 39... That's the question. That's the question. When the regulation is violated, are they nevertheless charged with knowledge? Yes, they are, because the statute is abundantly clear, section 1675A1, and it uses the word notice. So all interested parties under the statute have notice that a proceeding has been initiated. Can I ask you, I realize that this is not this case, but why does Commerce not have a regime in place that says if you're an exporter covered by a anti-dumping duty order, you give us so that the world knows the contact information, and that shall be sufficient unless you take the initiative of changing it? You are, after all, subject to this order, and the world knows that there are going to be annual administrative reviews, basically, and why is there not such a regime here? I'd have to speculate on why the agency doesn't have such a regime, but I believe if you look at, say, page 36 through 40 of the appendix, which has the FR notice, there can be hundreds of small producers, especially in a country like China, and wrangling all of those entities can be administratively extremely difficult, either for the agency or especially for domestic industries. So when the investigation results in an anti-dumping duty order and there are 40 or something or 80 exporters, producers covered by it, at that moment, have they all in some way or another participated in, if only by giving, identifying, or contact information to Commerce or not? Not necessarily, and the problem with that is in an investigation, the regulation is very explicit that notice gets provided to the embassy of the exporting country. So in this case, notice of the petition would be sent to the Chinese embassy, and it would be up to China as well as the domestic industry to figure out the scope and the number of entities that are actually producing and exporting. Is there a regulation required? It wasn't presented to us in this case, but notice is always sent to the embassy? No, this is only in the case of investigations where before an administrative review, before any dumping order is put in place, and there's an investigation conducted by the Department of Commerce and the International Trade Commission, and the regulation is at 351.202. So that has nothing to do with this case? Right, that's a completely different process than what's at issue here, which is 19 CFR 351.303, which is the regulation that governs service of requests for review. Which was violated, and that's really the question. Do we just ignore it? Isn't that the question? We think that the question is, yes, we agree that it was violated. The question is, does the statute supersede the regulation? So you don't need to ignore the regulation. Another way to frame it is the question from your point of view is, was the violation of that regulation which led to a 34-day delay from the constructive notice of the initiation? Did that 34-day delay amount to substantial prejudice? That's absolutely true. That is the question. Assuming that the trial court had jurisdiction, if Suntec had appeared and asked for additional time and said, we weren't served, so we lost all this time between when we should have been served the request and when we received notice as a matter of law through the Federal Register. For these reasons, we respectfully request that the court remand to the court below for issuance of a dismissal for lack of jurisdiction, or in the alternative reform. It's not quite for the reasons. Over the last week. Thank you. Thank you. Mr. Lenhardt. Thank you, Your Honor. I'd like to start by noting two minor corrections in my reply brief. On page 23, the second paragraph, the sixth line says industry members should be able to benefit from their own lack of diligence. That should say that they should not be able to benefit. And on the eighth line, it says exporters should be unfairly prejudiced. It should say that exporters should not be unfairly prejudiced. I just wanted to address three points that were raised by the Department of Commerce by the United States. Mr. Tosini said that ruling in Suntec's favor would encourage exporters not to read the Federal Register. That's absolutely wrong, because what's required here is that the petitioner certify service of the copy of the request. It doesn't matter necessarily that they read the Federal Register. It matters that the petitioner certify service of the request. There are instances in the regulation. The regulation contemplates there's going to be times where the petitioner is unable to find the foreign exporter and then certifies to that effect. Absolutely. And so then there are going to be times where all the foreign exporter really gets is constructive notice in the Federal Register announcing the initiation of the administrative review. Yes. Isn't that right? That is, but that does not diminish the additional notice requirement of the regulation that's tied to the request in the statute. And this is – Mr. Tosini mentioned that there are sometimes – Can we just go back to I guess a question I asked Mr. Tosini, which is why isn't the violation of the regulation on the failure to give service of the request for review, why isn't that limited to just a question of whether there's a substantial prejudice for that 34-day delay between the request for review and the initiation of the review, which was in fact published in the Federal Register. And if we follow the expressed terms of Section 1675 of the Tariff Act, it would appear that that's enough to be deemed notice for all interested parties, which include foreign exporters. I disagree because 1675 requires the request, and the request requires the certificate of service. And the number of days – That's right, but then there's a 34-day delay from the initiation. This is a question of was there some remedy to the substantial prejudice. Now, in PAM, the substantial prejudice ended when PAM's counsel entered its appearance on the record. But in this case, the substantial prejudice didn't end. It continued. No, I'm not sure that's the right way to say it. The question is whether there's a remedy for the violation, and you don't need any remedy for the violation where there's no substantial prejudice. I don't disagree. And the violation here, the question is what's the substantial prejudice that the violation generates? In PAM, this court pointed to the delay between the notice of the request and the entry of appearance, both constructive and actual notice. So actual notice remedies the substantial prejudice, and here there was never any actual notice to remedy that substantial prejudice. Mr. Tonissini also mentioned that there are sometimes hundreds of exporters that are subject to a request for review. And I would point out that this is entirely the choice of the requesting entity of the domestic industry. They choose the number of exporters that they want the Department of Commerce to review. And for them, it's very simple. I'm sorry, can we just go back to something? Sure. Is it your view that you don't need to win on the constructive notice argument? That even if we were to conclude that constructive notice in the Federal Register is enough notice for purposes of the initiation of the review, you still win here? No. You have to convince us that the notification in the Federal Register is insufficient as a matter of law here. I see my time has expired. Can I answer the question?  The notice in the Federal Register as constructive notice is not sufficient. It doesn't provide what the law, the statute, and the regulation together require. And so if the statute or if the notice in the Federal Register by itself, the constructive notice, is deemed sufficient, it does two things. I think number one, I lose. But number two, it renders that certificate of service requirement meaningless, which is a result which is disfavored in the law. For these reasons, we respectfully request that this Court reverse the Court of International Trade. Thank you. Thank you. Thank you both.